BRIAN D. BERTOSSA, ESQ. (SBN 138388)
bbertosa@cookbrown.com
STEPHEN R. McCUTCHEON, JR., ESQ. (SBN 191749)
smccutcheon@cookbrown.com
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CALIFORNIA  95814
TELEPHONE NO.:  916-442-3100
FACSIMILE NO.:  916-442-4227

Attorneys for Plaintiffs
UNITED STATES OF AMERICA for the use and benefit of
SHEPHARD MECHANICAL CONTRACTORS, INC., and
SHEPHARD MECHANICAL CONTRACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of SHEPHARD MECHANICAL CONTRACTORS, INC., a California Corporation, and SHEPHARD MECHANICAL CONTRACTORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL TEAM CONSTRUCTION SERVICES, INC., a California Corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT ON MILLER ACT PAYMENT BOND; BREACH OF CONTRACT; QUANTUM MERUIT** |

Use-Plaintiff Shephard Mechanical Contractors, Inc., and Shephard Mechanical Contractors, Inc. ("SHEPHARD") complain and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as a federal question and by virtue of 40 U.S.C. §§ 3131 to 3133 (Miller Act).  SHEPHARD is a claimant pursuant to 40 U.S.C. §§ 3131 to 3133.  This Court has supplemental jurisdiction over SHEPHARD's related claims by virtue of 28 U.S.C. § 1367.

2.Venue is proper in the United States District Court for the Northern District of California because the contract was performed within this district as provided by 40 U.S.C. § 3133(b)(3)(B).

**INTRADISTRICT ASSIGNMENT**

3.As the contract upon which the action is founded was performed on Contra Costa County, this matter is appropriate for assignment to the San Francisco Division or Oakland Division per Local Rule 3-2(c), (d).

**PARTIES**

4.SHEPHARD, Use-Plaintiff in this action, is and at all times relevant to this action was duly organized and existing and licensed as a construction contractor under the laws of the State of California, with its principal place of business in the county of Sacramento, California. SHEPHARD is, and at all times mentioned herein was licensed as a California contractor.

5.SHEPHARD is informed and believes that at all times herein mentioned, Defendant Total Team Construction Services, Inc., (hereinafter "Total Team"), was and is a California corporation, status unknown, operating as a general contractor.

6.SHEPHARD is informed and believes that at all times herein mentioned, Defendant Travelers Casualty and Surety Company of America ("Travelers"), is and at all times mentioned was a Connecticut corporation, status unknown, operating in the State of California as a surety.

**GENERAL ALLEGATIONS**

7.SHEPHARD is informed and believes, and based on that information and belief alleges that on April 23, 2013, Total Team contracted with the United States of America to perform construction work identified as Contract No. VA 261-C-1114 for the construction of "Consolidation and Expansion of Outpatient Mental Health Facility" in Martinez, California (hereinafter "Project").

8.On or about October 26, 2011, Total Team as principal, and Travelers as surety, executed Payment Bond No. 10567872 in accordance with 40 U.S.C. § 3131 *et seq.* in

a penal sum of $8,260,899.30 guaranteeing payment to a certain class of persons, including SHEPHARD, who furnished labor, materials, or both in the prosecution of the work on the Project.  The Bond has at all material times been in full force and effect.

9. The Bond was delivered to and accepted by the United States of America and it inures to the benefit of SHEPHARD.

10. On or about April 29, 2013, Plaintiff and Total Team entered into a written agreement (referred to hereinafter "Subcontract") for the above-described Project, with an effective date of April 23, 2013.  Pursuant to this Subcontract, Plaintiff was to furnish labor, services, materials, and equipment relating to the heating, ventilation, and air conditioning system, for all of which Total Team agreed to pay $932,044 in accordance with the Subcontract, subject to additions or deletions through change orders.  Through change orders the contract price was adjusted to $930,365.76, which Total Team agreed to pay, plus an additional $55,249.38 for change order work to which Total Team has failed to respond or provide payment.

11. Pursuant to the Subcontract, Plaintiff performed the work and labor for, and furnished all necessary services, materials, and equipment to be used or consumed in and which were actually used or consumed in the work of improvement, and performed all other conditions, covenants, and promises under the Subcontract, on its part to be performed, except for those the performance of which was excused by Total Team's non-performance.

12. The labor, services, materials, and equipment provided by SHEPHARD have a contract value and reasonable and current value of $985,606.10 Total Team has paid Plaintiff only $921,897.50, and $63,708.64 remains due and owing.   More than 90 days have passed since the failure of Total Team to pay amounts due and owing under the Subcontract.

13. SHEPHARD is informed and believes and on that basis alleges that during the course of the contract Total Team, following receipt of funds from the United States under the above-identified contract, failed to pay SHEPHARD within 7 days as required by the

Subcontract and 31 U.S.C. § 3905, and has failed to pay to SHEPHARD interest required thereupon by the General Contract and 31 U.S.C. § 3905.

14. Pursuant to contract, SHPEHARD is also entitled to interest on all unpaid amounts.

## FIRST CAUSE OF ACTION

**(By the United States for the Use and Benefit of Shephard Mechanical Contractors, Inc. Against Defendants Total Team and Travelers for Recovery on Payment Bond)**

15. Use-Plaintiff hereby incorporates and re-alleges each allegation of the preceding paragraphs as though fully set forth herein.

16. SHEPHARD has not been paid for all of its labor, services, materials, and equipment furnished and actually used in the Project, as set forth above, despite SHEPHARD's demands.

17. SHEPHARD has complied with all the terms and satisfied all the conditions required of it under the Subcontract and the Bond.

18. A period of more than 90 days and less than one year has elapsed since the last date on which SHEPHARD supplied labor, services, materials, and equipment for the Project and N SHEPHARD utter has not been paid in full, leaving a balance due, owing, and unpaid to SHEPHARD of the principal sum of $63,708.64, together with interest thereon at the legal rate, according to proof.

WHEREFORE SHEPHARD seeks relief as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

**(By Shephard Mechanical Contractors, Inc. Against Defendant Total Team for Breach of Contract)**

19. Plaintiff hereby re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

20. This Court has supplemental jurisdiction over this cause of action by virtue of 28 U.S.C. § 1367.

21. As stated herein above, Plaintiff entered into a Subcontract with Defendant

Total Team to furnish labor, services, materials, and equipment relating to the heating, ventilation, and air conditioning system to the Project as directed by Total Team and which were indeed supplied and performed by Plaintiff.

22. Defendant Total Team has breached the Subcontract with Plaintiff by among other things, failing and refusing to pay Plaintiff for its work and materials supplied to the Project as required under the Subcontract.

23. Plaintiff has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Subcontract with Defendant Total Team except for those excused by acts, omissions or breaches of contract by Total Team and has demanded payment of the balance of the amounts due Plaintiff, which demand has been refused.

24. As a direct and proximate result of Defendant Total Team's acts or omissions, Plaintiff has suffered damages in an amount according to proof, and is believed and asserted to be a principal balance of $63,708.64 plus prejudgment interest according to proof.

25. Defendant Total Team has further breached the Subcontract and General Contract by failing to pay SHEPHARD within 7 days in relation to the payments made to Total Team by the United States, and SHEPHARD has therefore been damaged at least in the amount of the statutory rate of interest on the funds wrongfully withheld for the length of time the funds were and/or have been wrongfully withheld, the exact amount of such damages to be proved at trial.

WHEREFORE, SHEPHARD seeks relief as set forth in the Prayer for Relief.

### THIRD CAUSE OF ACTION

**(By Shephard Mechanical Contractors, Inc.
Against Defendant Total Team for Quantum Meruit)**

26. Plaintiff hereby incorporates and re-alleges each allegation of the preceding paragraphs as though fully set forth herein.

27. As set forth above, Plaintiff performed work and provided labor, services

and equipment and/or materials to the Project for and at the special request and under the direction of Defendant Total Team. Defendant Total Team has accepted, used, and enjoyed the labor, services, equipment and/or materials furnished by Plaintiff in connection with the Project.

28. Defendant Total Team breached its verbal and written promises by, inter alia, failing and refusing to pay Plaintiff the reasonable value for labor performed and materials supplied to the Project.

29. Although demand for payment has been made, Defendant Total Team has failed to pay Plaintiff for the reasonable value of all of the labor, services, equipment and/or materials provided. The amount still owing to Plaintiff for the fair and reasonable value of unpaid labor, services, equipment and/or materials provided by Plaintiff on the PROJECT is an amount to be proven at trial, but is believed to be $63,708.64 plus interest.

WHEREFORE, SHEPHARD seeks relief as set forth in the Prayer for Relief.

## **PRAYER**

WHEREFORE the United States of America, on behalf of and for the benefit of Use-Plaintiff SHEPHARD and SHEPHARD pray for judgment as follows:

1. For the principal sum of at least $63,708.64;
2. For prompt payment penalties according to proof;
3. For interest thereon at the legal rate, according to proof;
4. For attorney's fees and costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: September 23, 2016               COOK BROWN, LLP


By:   /s/ *Stephen R. McCutcheon, Jr.*
STEPHEN R. McCUTCHEON, JR.
Attorneys for Plaintiffs UNITED STATES OF AMERICA for the Use and Benefit of SHEPHARD MECHANICAL CONTRACTORS, INC., and SHEPHARD MECHANICAL CONTRACTORS, INC.